UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:09-cv-747-FtM-36SPC

MANUEL HERNANDEZ,

    Plaintiff,

vs.

WILSONART INTERNATIONAL, INC.,

    Defendant.
_____/

## DEFENDANT'S MOTION TO COMPEL AND MEMORANDUM OF LAW IN SUPPORT

Defendant, Wilsonart International, Inc. ("Wilsonart"), pursuant to Federal Rule of Civil Procedure 37, respectfully requests entry of an order overruling Plaintiff's objections to Defendant's First Set of Interrogatories and First Request for Production of Documents, ordering Plaintiff to provide complete and adequate responses to Wilsonart's discovery requests, and ordering Plaintiff to produce all documents responsive to Wilsonart's document requests that are in his possession, custody or control.  The grounds for this motion are set forth below.

## INTRODUCTION AND BACKGROUND

Plaintiff alleges that Wilsonart discriminated against him because of his Cuban national origin by failing to hire him, in violation of state and federal law.  Wilsonart denies Plaintiff's allegations of discrimination.  The sole reason that Wilsonart did not hire Plaintiff

is because it deemed him to be less qualified than the applicants who it hired for the position that he sought.

On March 8, 2010, Wilsonart served on Plaintiff its First Set of Interrogatories and First Request for Production of Documents (collectively, the "Discovery Requests"). Plaintiff served his responses to Wilsonart's Discovery Requests, by mail, on or about April 12, 2010.[1] On or about April 27, 2010, Plaintiff produced documents responsive to Wilsonart's First Request for Production of Documents. Plaintiff's written discovery responses and his document production were deficient in many respects. Accordingly, pursuant to Wilsonart's obligations under Federal Rule of Civil Procedure 37(a)(2) and Middle District Local Rule 3.01(g), on May 14, 2010, undersigned counsel sent a letter to counsel for Plaintiff, delineating the deficiencies in Plaintiff's discovery responses, and requesting that Plaintiff provide complete and adequate responses and produce all responsive documents in his possession, custody or control, on or before May 19, 2010. A copy of that letter is submitted herewith as Exhibit 3. To date, the undersigned has not received any response.

## MEMORANDUM OF LAW

The Federal Rules of Civil Procedure allow liberal discovery for the purposes of narrowing the issues for trial, obtaining evidence for use at trial, and securing information regarding the existence of evidence. *Berry v. Haynes*, 41 F.R.D. 243, 244 (S.D. Fla. 1966). Liberal discovery is intended "to make trial 'less a game of blindman's bluff and more a fair

---

[1] Pursuant to Local Rule 3.03, copies of Plaintiff's Response to Defendant's First Request for Production of Documents and Plaintiff's Notice of Service of [and] Responses and Objections to Defendant's First Set of Interrogatories are submitted herewith as Exhibits 1 and 2, respectively.

contest.'" *Federal Deposit Ins. Corp. v. Cherry, Bekaert & Holland*, 131 F.R.D. 202, 204 (M.D. Fla. 1990) (*quoting Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1346 (5th Cir. 1978)). Discovery allows litigants to avoid trying civil cases "in the dark" by providing the means "to obtain the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). In the instant case, Plaintiff has failed to comply with his obligations under the applicable rules, by asserting a number of unfounded objections, failing to fully and completely respond to Wilsonart's Discovery Requests, and failing to obtain and produce responsive documents that he has the right, authority or ability to obtain.

Pursuant to Local Rule 3.04, the discovery requests at issue, Plaintiff's responses to those requests, and the reasons supporting this Motion as it relates to each specific item are set forth below.

**A.     Plaintiff Inappropriately Limited the Scope of His Document Production.**

**1.     *Plaintiff Apparently Failed To Obtain and Produce Responsive Documents Not in His Possession.***

In response to several of Defendant's document requests, Plaintiff indicated that he has no responsive documents *in his possession* or that he would produce (only) the responsive documents *in his possession*. *See* Pltf.'s Resp. to Def.'s 1st Req. for Production ¶¶ 10, 12, 13, 20, 22, 23, 24, 25, 34, 35, 36, 37, and 38. Thus, it appears that Plaintiff believes he is only obligated to produce those documents that are currently in his possession. This contention is wrong, however, as Plaintiff is obligated to produce not only those documents that he currently possesses, but also all documents that he has the right, authority or ability to obtain. *See Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *Comeau v. Rupp*, 810 F. Supp. 1127 (D. Kan. 1992). In the letter of May 14, 2010, the undersigned

requested that Plaintiff clarify whether there are any responsive documents not in his possession that have not been produced.[2] To date, Plaintiff has not responded to that request. To the extent that Plaintiff has not produced responsive documents that he has to right, authority or ability to obtain, he must do so.

### 2. *Plaintiff Inappropriately Limited the Scope of His Documents Production.*

Plaintiff also responded to several of Defendant's document requests by stating that he would produce (only) those responsive documents that he deems to be "related to the claims asserted in the complaint" or "related to the claims raised in this action." Specifically, Plaintiff's responses to the following requests reflect that he apparently limited the scope of his document production:

> **Request No. 1.** All documents reviewed, referred to, or relied upon in connection with the preparation of your answers to Defendant's First Set of Interrogatories.
>
> **Response.** Objection, vague ("referred to"). As to any documents that may have been reviewed, selecting or isolation [sic] which papers, if any, Plaintiff and his counsel chose to review would violate their work product. To the extent the Interrogatory seeks documents related to the claims asserted in the complaint, Plaintiff will produce those documents requested in Request No. 3.
>
> **Request No. 6.** All documents, correspondence and communications between you and any current or former director, officer, agent, or employee of Defendant.
>
> **Response.** Plaintiff objects to this request as overbroad and as seeking documents not related to the claims raised in this action. To the extent the request seeks documents related to the claims raised in this action, Plaintiff will produce those documents.

---

[2] The undersigned also stated in that letter that Defendant's request should not be construed to mean that Plaintiff is obligated to obtain and produce responsive documents that are encompassed by the document subpoenas that Defendant has served on third parties in this action.

- 4 -

>**Request No. 7.**  All documents copied and/or removed by you from Defendant's premises regardless of the date of such copying and/or removal.
>
>**Response.**  Plaintiff objects to this request as overbroad and as seeking documents not related to the claims raised in this action.  To the extent the request seeks documents related to the claims raised in this action, Plaintiff does not believe he has any responsive documents.
>
>**Request No. 9.**  All diaries, calendars, journals, daily, weekly, or monthly planners, appointment books, notes or notebooks, or similar documents maintained by you from January 1, 2005 to the present.
>
>**Response.**  Plaintiff objects to this request as overbroad and as seeking documents not related to the claims raised in this action.  To the extent the request seeks documents related to the claims raised in this action, Plaintiff will produce those documents.
>
>**Request No. 11.**   All documents, correspondence and communications that you provided to or received from any governmental or administrative agency, including, but not limited to, the Equal Employment Opportunity Commission, the Florida Human Rights Commission, and/or any municipal, county or other local agency, relating to Defendant, your application for employment with Defendant, and/or the subject matter of this action.
>
>**Response.**  Plaintiff objects to this request as overbroad and as seeking documents not related to the claims raised in this action.  To the extent the request seeks documents related to the claims raised in this action and does not seek pleadings in this case, Plaintiff will produce those documents.

Plaintiff's responses are vague and ambiguous as he does not specify what documents he deems to be "related to the claims raised in this action."  Plaintiff (or his counsel) is not the arbiter of relevance, and he should not be permitted to cherry-pick documents.  Further, the scope of permissible discovery is not limited to Plaintiff's claims, but rather encompasses

"any nonprivileged matter that is relevant to any party's claim *or defense*." FED. R. CIV. P. 26(b)(1) (emphasis added).

Moreover, pursuant to Rule 34, "[a]n objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C). Here, Plaintiff failed to specify what part of the foregoing requests he believes are objectionable. In the letter of May 14, 2010, the undersigned requested that Plaintiff clarify whether he withheld from production any documents responsive to any of the foregoing requests on grounds of relevance or overbreadth. To date, Plaintiff has not responded to that request. To the extent that Plaintiff has not produced responsive documents because he deems them to be unrelated to the claims asserted in his Complaint in some unspecified manner, Plaintiff must produce any such documents.

**B.  Plaintiff Failed To Respond Substantively To Wilsonart's Discovery Requests Seeking Information Related To His Alleged Damages.**

**1.  Interrogatory No. 2**

In Interrogatory No. 2 of its First Set of Interrogatories, Wilsonart requested the following information regarding Plaintiff's alleged damages:

> Please provide a detailed computation of each item of damage that you seek to recover from Defendant in this case. Include in your answer: (1) the nature of each item of damage; (2) the date, time, and place that such damages were incurred; (3) the category into which each item of damages falls (*i.e.*, economic injury, compensatory damages, punitive damages, or any other relevant category); (4) the factual basis for each item of damages; (5) an explanation of how you computed each item of damages, including any mathematical formula used; (6) identify any documents in support of your damage claims; and (7) identify each person who witnessed or has knowledge of such damage.

Plaintiff responded to this interrogatory as follows:

> Plaintiff is unable to calculate his damages precisely at this point in the litigation because damages change daily and he has not yet received Defendant's documents. However, see Plaintiff's Rule 26 disclosures and any supplements thereto, which lists his elements of damages, witnesses and documents. As to the facts, see the Complaint filed in this action and the Charge of Discrimination, copies of which are already in Defendant's possession.

Plaintiff's contention that he cannot provide a calculation of his damages is without merit. He has had Defendant's documents for more than one month, including documents reflecting the compensation that Wilsonart paid to the two individuals who were hired for the position that Plaintiff sought.[3] Additionally, the fact that Plaintiff's lost wages are accruing does not prevent him from calculating his damages through the date of his answer. Wilsonart is entitled to the requested information so it may assess its potential exposure and the possibility of settlement. Indeed, Plaintiff should have provided the information requested in this interrogatory as part of his initial disclosures, without awaiting a specific discovery request for same. *See Shock v. Aerospace Integration Corp.*, Case No. 3:08cv304/RV/EMT, 2009 U.S. Dist. LEXIS 22435 (N.D. Fla. Mar. 6, 2009); FED. R. CIV. P. 26(a)(1)(A)(iii). Plaintiff should be ordered to provide a detailed computation of his alleged economic damages.

Plaintiff also should be ordered to respond to the other sub-parts of this interrogatory, including in particular the identification of documents that support his claimed damages and

---

[3] Indeed, Plaintiff's Initial Disclosures (a copy of which is submitted herewith as Exhibit 4) reflect that, at least as early as March 15, 2010 when he served his disclosures, Plaintiff knew the hourly rates that were paid to the two individuals who were hired for the position that he sought. Thus, it is disingenuous for Plaintiff to claim that he cannot calculate his damages because he does not know what Wilsonart paid the two persons who were hired instead of him.

the identification of persons with knowledge of his alleged damages. Although, Plaintiff referred to his Initial Disclosures in his response to this interrogatory, that document does not in fact contain the requested information. *See* Ex. 4.

**2.     Requests for Production Nos. 18 and 20.**

In addition to the above-referenced interrogatory, Wilsonart also requested documents related to Plaintiff's claimed damages. These requests included the following broadly worded Request No. 18, which asked for:

> All documents that relate or refer to the elements, determination and computation of any alleged damages claimed by you in this action, including, but not limited to, all raw data and computation sheets upon which the amount of each claim for damages is based, and medical bills, balance sheets, financial statements, pay stubs, and federal, state, and local tax returns.

Plaintiff responded to this request as follows:

> To the extent the request does not seek notes made by Plaintiff's attorneys (which would be subject to the attorney-client privilege and work product), see Plaintiff's Rule 26 Disclosure, as well as all of the records produced by the parties. To the extent the request seeks tax returns, see Response to Request No. 20 below.

In Request No. 20, Wilsonart sought documents specifically related to or reflecting Plaintiff's earnings during the relevant time period:

> All of your federal, state, and local income tax returns, receipts, check stubs, W-2 forms, and 1099 forms that indicate the transfer of funds to you, whether private or governmental transfer payments, including wages, passively-earned income, and benefits of any kind, from January 1, 2005 to the present.

Plaintiff objected to this request, stating as follows:

- 8 -

> Plaintiff objects to this request as overbroad and as seeking documents not relevant to Plaintiff's failure to hire claim that arose in 2007. Plaintiff further objects because disclosure of his tax returns is contrary to the public policies of both the State of Florida, which constitutionally protects the privacy of its citizens, see Fla. Const., Art. 1, § 23, and the United States, which disfavors the disclosure of tax returns. See, e.g., 26 U.S.C. § 6103 ("Confidentiality and disclosure of returns and return information"). However, Plaintiff will produce the following records in his possession showing his earnings from work from 2005: Forms W-2, Forms 1099 or check stubs. Plaintiff has no documents related to benefits.

Plaintiff's objections are without merit. The Eleventh Circuit Court of Appeals has held that an employment discrimination plaintiff's tax records are relevant and discoverable. *See Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997) (affirming order requiring production of plaintiff's tax records and rejecting plaintiff's contention that a compelling need had to be shown prior to ordering disclosure); *see also Gutescu v. Carey Int'l*, No. 01-4026-CIV, 2003 WL 25589038, at *2 (S.D. Fla. Aug. 29, 2003) (overruling plaintiff's objections to Magistrate Judge's order compelling production of plaintiff's tax returns in employment discrimination case).

Moreover, contrary to Plaintiff's response to this request, the only responsive document that he produced is a single W-2 Form from a single employer for tax year 2008. Wilsonart is entitled to discover the requested information as it is relevant to Plaintiff's damages and his mitigation efforts. Plaintiff's objections to this request should be overruled, and he should be ordered to obtain (if necessary) and produce all responsive documents, or to execute appropriate releases for disclosure of those documents directly to Defendant.

## **CONCLUSION**

As demonstrated above, Plaintiff has failed to comply with the applicable Rules governing discovery. Accordingly, an order compelling Plaintiff to provide complete and adequate responses to Defendant's First Set of Interrogatories and First Request for Production of Documents is appropriate.

WHEREFORE, Wilsonart respectfully requests entry of an order:

(1) overruling Plaintiff's objections to and requiring him to provide complete and adequate responses to Interrogatory No. 2, within seven days;

(2) overruling Plaintiff's objections to and requiring him to obtain (if necessary) and produce all documents in his possession, custody or control that are responsive to Document Requests No. 1, 6-7, 9-13, 18, 20, 22-25, and 34-38, within seven days; and

(3) granting such other relief as the Court deems appropriate.

Respectfully submitted,

*s/ Gaye L. Huxoll*_____
Lori A. Brown
Florida Bar No. 846767
E-mail: labrown@littler.com
Gaye L. Huxoll
Florida Bar No. 149497
E-mail: ghuxoll@littler.com
LITTLER MENDELSON, P.C.
*Counsel for Defendant*
2 S. Biscayne Boulevard, Suite 1500
Miami, Florida 33131-1804
Telephone: (305) 400-7500
Facsimile:  (305) 603-2552

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Undersigned counsel hereby certifies that, in accordance with Local Rule 3.01(g), prior to filing the instant Motion, counsel for Defendant conferred with Plaintiff's counsel in an effort to resolve the issues raised by the instant Motion, by sending to Plaintiff's counsel a detailed letter concerning the deficiencies in Plaintiff's discovery responses and giving Plaintiff a reasonable period of time within which to respond.  As of the date of this Motion, Plaintiff has neither responded to counsel's letter nor supplemented his discovery responses.

*s/ Gaye L. Huxoll*
Gaye L. Huxoll
Florida Bar No. 149497
E-mail: ghuxoll@littler.com
LITTLER MENDELSON, P.C.
*Counsel for Defendant*
2 S. Biscayne Boulevard, Suite 1500
Miami, Florida  33131-1804
Telephone: (305) 400-7500
Facsimile:  (305) 603-2552

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of May, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

*s/ Gaye L. Huxoll*
Gaye L. Huxoll
Florida Bar No. 149497
E-mail: ghuxoll@littler.com
LITTLER MENDELSON, P.C.
*Counsel for Defendant*
2 S. Biscayne Boulevard, Suite 1500
Miami, Florida  33131-1804
Telephone: (305) 400-7500
Facsimile:  (305) 603-2552

- 12 -

## SERVICE LIST
### Manuel Hernandez v. Wilsonart International, Inc.
### Case No. 2:09-cv-747-FtM-36SPC
### U.S. District Court, Middle District of Florida

Karen Coolman Amlong, Esq.
Email: kamlong@theamlongfirm.com
Jennifer Daley, Esq.
Email: jdaley@theamlongfirm.com
AMLONG & AMLONG, P.A.
500 N.E. 4th Street
Ft. Lauderdale, Florida 33301
Telephone: 954-462-1983
*Counsel for Plaintiff*
(Served via Notice of Electronic Filing)

Lori A. Brown, Esq.
Email: labrown@littler.com
Gaye L. Huxoll, Esq.
Email: ghuxoll@littler.com
LITTLER MENDELSON P.C.
One Biscayne Tower, Suite 1500
2 South Biscayne Boulevard
Miami, Florida 33131-1804
Telephone: 305-400-7500
Facsimile:  305-603-2552
*Counsel for Defendant*

Firmwide:95536606.1 064125.1006