UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MANUEL HERNANDEZ,

      Plaintiff,

-vs-                   Case No. 2:09-cv-747-FtM-36SPC

WILSONART INTERNATIONAL, INC., a foreign
corporation,

      Defendant.
_____

# ORDER

  This matter comes before the Court on the Plaintiff Manuel Hernandez's Motion to Compel First Requests for Production (Doc. #21) filed on May 11, 2010. The Defendant filed its Response in Opposition (Doc.# 24) on May 28, 2010. The Motion is now ripe for review.

  The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). Likewise a party upon whom interrogatories have been served has thirty days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b). If the serving party does not receive a response to their interrogatories and request for production the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the order to compel is at the discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

  The Plaintiff moves the Court to compel request for production numbers 5, 6, 11, and 17. Request number 5 states:

> With respect to each individual hired for each position for which plaintiff applied with Defendant:
> a. documents showing the individual's qualifications for the position;
> b. Complete salary and wage records for the individual, including but not limited to payroll records, pay stubs, time records, time cards, and W-2 forms for each year of employment by Defendant;
> c. Documents, writings or other memoranda describing fringe benefits the individual was eligible to receive from Defendant from the date of hire to present.

The Defendant objected to the request arguing that it was overbroad and that the employees personal files, salary, and wage records are confidential. The Defendant produced, subject to an appropriate confidentiality agreement, responsive documents limited to the facility at which Plaintiff applied for employment, documents showing a yearly summary of the compensation earned by such individuals during their employment, and documents reflecting the benefits that were available to such persons.

The Plaintiff states that more should be produced on a nationwide basis because only two drivers were hired, Carl Renninger and Anthony Palmer, at the facility where the Plaintiff applied. The Plaintiff states he needs the actual weekly payroll records to determine the actual hours he would have worked for each pay period. However, the total hours summary would give the Plaintiff that information necessary to calculate damages from lost wages in the event the Plaintiff is successful in his litigation. Thus, the Plaintiff has failed to establish the need for the Defendant's payroll records, otherwise request to produce number 5 is due to be denied.

Request number 6 asks for the personal and payroll files for (a) Carl Renninger, and (b) Anthony Palmer. The Defendant objected to the payroll files as being irrelevant, overly broad, and confidential information. The Defendant produced the year end payroll summaries reflecting the hourly rates of pay and total compensation paid to such individuals during their employment with

the Defendant. Otherwise the Defendant argues that the individual payroll records are overlybroad and not relevant to the claim. The Defendant's objection to the payroll records is well taken. While the Plaintiff states that the individual pay period payroll records and needed to assess damages, the damages via lost wages can be assessed with the year end payroll summaries reflecting the hourly rates of pay and total compensation paid to the employees working at the local facility during the relevant time frame. Thus, the Motion to Compel is due to be denied.

Request number 11 asks for "[e]ach document (e.g., ranking lists, ranking criteria, disparate-impact analysis) upon which Defendant relied in selecting the individual for each position for which Plaintiff applied. The Defendant produced the materials, however, the Plaintiff states the production was in bulk and without any indication as to which documents were responsive to which requests. The Defendant only has to produce the documents as they are normally kept. Thus, the request for production number 11 is due to be denied.

Request for production number 17 requests:

> [a]ll documents relating to administrative charges of discrimination (e.g., with the Equal Employment Opportunity Commission or any similar state or local agency), or any civil action alleging employment discrimination based upon national origin filed by any applicant for employment or employee of defendant for the five calendar years immediately preceding the filing of the complaint and for all years thereafter through the time of your response to this Rule 34 request.

The Defendant objects to the request to the extent that it is not limited to the facility where the Plaintiff applied for employment. The Plaintiff responds that decision makers in the hiring process were located in areas beyond the Fort Myers, Florida location. The Plaintiff's argument is not persuasive. Without more, the discovery is limited to the Fort Myers facility. Request number 17 is due to be denied.

Accordingly, it is now

**ORDERED:**

The Plaintiff Manuel Hernandez's Motion to Compel First Requests for Production (Doc. #21) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___17th___ day of June, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record