# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

MANUEL HERNANDEZ,

        Plaintiff,

-vs-                          Case No. 2:09-cv-747-FtM-36SPC

WILSONART INTERNATIONAL, INC., a foreign corporation,

        Defendant.

_____

## ORDER

This matter comes before the Court on the Plaintiff, Manuel Hernandez's Motion to Compel the First Set of Interrogatories (Doc. #22) filed on May 11, 2010. The Defendant filed its Response in Opposition (Doc. # 24) on May 28, 2010. The Motion is now ripe for review.

The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). Likewise a party upon whom interrogatories have been served has thirty days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b). If the serving party does not receive a response to their interrogatories and request for production the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the order to compel is at the discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

The Plaintiff moves the Court to Compel interrogatories numbers 1, 2, 4, 8, and 3. Interrogatory number 1 reads:

> Please provide the name, address (business and residential), telephone numbers, place of employment and job title of any person who has, claims to have or whom you may have knowledge or action, or any fact underlying the subject matter of this action; and state the area or knowledge or information each person has with respect to any fact underlying the subject matter of this action.

The Defendant objects to the interrogatory on the grounds that it is overbroad stating that there are too many people who could state that the Plaintiff is Hispanic or have some knowledge of the case. The Defendant continues that the names and addresses of former or current employees is an invasion of privacy and that the individual can only be contacted via defense counsel. The Defendant's objection is not well taken. The Defendant is reading too much into the interrogatory by stating that Defendant could not possibly identify the entire universe of people with knowledge of the case. The Defendant can however, identify and provide contact information for individual employees who may have knowledge of the case. <u>Ratesi v Sun State Trees & Property Maintenance</u>, 2007 WL 1796256 * 1-2 (M.D. Fla. June 20, 2007). The Plaintiff is entitled to contact such individuals and discover what that particular knowledge is and if said information is relevant to this case. Thus, the Motion to Compel the names and contact information for individuals, **employees current and former**, who might have knowledge of the Plaintiff's case is due to be granted.(emphasis added).

Interrogatory number 2 asks for

> With respect to each occasion on which Plaintiff applied for employment with Defendant, please state:
> a. the position for which Defendant contends Plaintiff applied; and when Defendant received the application;
> b. the identity (name, job title, business and residence addresses and telephone numbers) and role of each person involved in the decision-making process to select an individual to fill the position;
> c. the reasons plaintiff was not selected for the position.
> d. the identity (name, business and residential address, telephone numbers and period of employment with defendant) of the individual hired for the

> position; when period of employment the individual was selected; and the individual's qualification for the position;
> e. any documents (including the title, author, date and custodian) that were reviewed or created during the decision-making process, or created afterwards to memorialize or explain the decision.

The Defendant objected arguing that the request for phone numbers and addresses of its current and former employees is overbroad and requests confidential information. The Defendant continued that the employees must be contacted via the defense counsel only. Again the Defendant's objection is not well taken and the contact information requested in subparts b and d must be supplied for its employees and local supervisors. *See* Ratesi v Sun State Trees & Property Maintenance, 2007 WL 2566037 * 3 (M.D. Fla. August 31, 2007) (sanctioning the Defendant for failure to provide the names and contact information for employees, former employees, and supervisors that had knowledge of the case as ordered by the Court). The Defendants answered the remaining subsections with a chart showing the production of documents produced in a related discovery request that supplied the answers to those subparts. Pursuant to Fed. R. Civ. P. 33(d), the Defendant may provide an answer to an interrogatory by providing the business records that respond to the request. The Defendant states that it produced the records that responded to subparts a, c, and e in its production and supplied a chart that corresponded with the answer to the interrogatory to the request for production. Thus, the Motion to Compel this interrogatory with the exception of the names and contact information requested in b and d is due to be denied.

Interrogatory number 4 asks

> With respect to each individual hired as driver after [sic] between July 2007 and October 31, 2007, state with regard to each such individual his/her name; business and residential addresses; telephone numbers; date of hire; national origin; rate of pay (including nature

>of and types of benefits provided to date); and date of separation from employment, if applicable.

The Defendant objected arguing that the interrogatory was too broad in that it asked for information other than the Fort Myers location where the Plaintiff applied for employment. The Defendant's objection is well taken regarding the scope of the interrogatory. However, the Plaintiff may have the information as it applies to the Fort Myers location. While the Defendant has produced the personal files related to the individuals who were hired at the Fort Myers' location, that does not answer the interrogatory as the Defendant did not state if the contact information was included in the files. The contact information still must be provided. Thus, the Motion is due to be granted regarding interrogatory number 4 but limited to the Fort Myers' location.

Interrogatory number 8 asks the Defendant to

> Please state the factual basis for each affirmative defense asserted in Defendant's answer and affirmative defenses, including, but not limited to, the following allegations made in the "Statement of Defenses" portion of Defendant's Answer and Defenses to Plaintiff's Complaint:
> a. why the complaint fails to state a claim upon which relief can be granted;
> b. each "legitimate, non-discriminatory reason" for defendant's actions taken with respect to plaintiff; when each action was taken; and the identity (name, business and residential addresses, job title, and telephone numbers) of each individual involved in each action;
> c. each "good faith effort" that bars or limits plaintiff's claims; when each was under taken; and the identity (name, business and residential addresses, job title, and telephone numbers) of each individual involved in each effort;
> d. the "conditions precedent" to this action plaintiff failed to satisfy; when Defendant contends plaintiff failed to satisfy them; and the name or description of rule, regulation or other authority required that plaintiff satisfy the "conditions precedent;"
> e. the "statute of limitations" that bars plaintiff's claim; what portion of plaintiff's claim defendant contends is barred; and when defendant contends that portion should have been filed;
> f. plaintiff's action or conduct that defendant contends bars, limits or waives his claim, in whole, or in part; when defendant received notice of conduct or action; and the identity (name, business and residential addresses, job title,

  and telephone numbers) of each individual with knowledge of the alleged conduct or action;
  g. how defendant contends Plaintiff failed to mitigate this damages; the amount of the setoff to which Defendant contends it is entitled; and how defendant calculates the setoff.

The Defendant responded to subsection "a" that the allegations of disparate treatment are based upon the Plaintiff's "information and belief" and not the facts.[1] In the remaining subparts, the Defendant provides an answer for a, b, and c, and states that the factual basis is unknown at this time to subparts d through g. An affirmative defense may be pleaded in general terms and will be held to be sufficient as long as it gives the plaintiff fair notice of the nature of the defense. Harvey v. Lake Buena Vista Resort, LLC., 568 F. Supp. 2d 1354, 1360 (M.D. Fla 2008). Nevertheless, the Defendant bears the burden of proof on its affirmative defenses. Spellman v. RSC Equipment Rental, Inc., 2010 WL 450400 * 5 (M.D. Fla. February 8, 2010) (citing Thorsteinsson v. M/V Drangur, 891 F. 2d 1547, 1550 (11th Cir. 1990)); Blue Cross and Blue Shield of Alabama v. Weitz, 913 F.2d 1544, 1552 (11th Cir. 1990) (the Defendant has the burden of making a showing that an affirmative defense is applicable). While the Defendant may not have at this time the factual basis to answer the interrogatory, the Defendant has a duty to supplement the response as the facts present themselves by discovery. Fed R Civ. P. Otherwise, the affirmative defenses are without merit.

---

[1] The Defendant sets forth an affirmative defense, in its Answer, of failure to state a claim upon which relief may be granted, *i.e.,* the grounds for a Rule 12(b)(6) motion. However, any such motion to dismiss on Rule 12(b)(6) grounds must be made before an answer is filed. Fed. R. Civ. P. 12(b). The Defendant did not file a motion to dismiss before filing its Answer (Doc. # 16); thus, procedurally, the Defendant cannot assert an affirmative defense for failure to state a claim at this stage, although the Defendant would not be precluded from moving for summary judgment on similar grounds. Thus, subpart "a" is essentially moot since the subpart is improper and should be stricken. However, the Court will not address that issue since it is not a part of the instant motion.

Based upon the responses to interrogatory number 8 the Motion to Compel is due to be denied.

Interrogatory number 3 asks

> Has any administrative charge of discrimination (e.g., with the Equal Employment Opportunity Commission or and [sic] similar state or local agency), or any arbitration or civil action alleging discrimination based on national origin been filed against Defendant in the past five years? If the answer is in the affirmative, identify the parties by name, address and phone number, identify the charge/action by case number and name and address of forum, and state the status of the charge and/or action.

The Defendant replies that to the extent that it is not limited to the facility at which Plaintiff applied for employment and/or claims in the Fort Myers facility there have been no complaints in the last five (5) years other than the Plaintiffs. To the extent that the Plaintiff seeks discovery of incidents beyond the location where he applied for employment, the Motion is overbroad. Therefore, Motion to Compel interrogatory number 3 is denied.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Manuel Hernandez's Motion to Compel the First Set of Interrogatories (Doc. #22) is **GRANTED in part and DENIED in part**.

(1) The Plaintiff, Manuel Hernandez's Motion to Compel Interrogatory Number 1, Interrogatory Number 2 subparts a, c, e, and Interrogatory Number 4 is **GRANTED**.

(2) The Plaintiff, Manuel Hernandez's Motion to Compel Interrogatory Number 2, subparts b and d, Interrogatory Number 8, and Interrogatory Number 3 is **DENIED**.

(3) All Interrogatories are limited in scope to the Fort Myers location where the Plaintiff applied for the position at issue in this case.

(4) The Defendant has up to and including **July 13, 2010**, to provide complete and verified answers to the Interrogatories as delineated in this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this  22nd  day of June, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record