# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

MANUEL HERNANDEZ,

     Plaintiff,

-vs-              Case No. 2:09-cv-747-FtM-36SPC

WILSONART INTERNATIONAL, INC., a foreign corporation,

     Defendant.

_____

## ORDER

  This matter comes before the Court on the Defendant, Wilsonart International, Inc.'s Motion to Compel Responses to the Defendant's First Request for Production and Answers to Interrogatories (Doc. #23) filed on May 21, 2010. The Plaintiff filed its Response in Opposition (Doc. # 23) on June 16, 2010. The Motion is now ripe for Review.

  The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). Likewise a party upon whom interrogatories have been served has thirty days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b). If the serving party does not receive a response to their interrogatories and request for production the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the order to compel is at the discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

*Request for Production Numbers 10, 12, 13, 20, 22, 23, 24, 25, 34, 35, 36, 37, and 38*

Initially, the Defendant states the Plaintiff's responses to requests for production 10, 12, 13, 20, 22, 23, 24, 25, 34, 35, 36, 37, and 38 were insufficient. The Plaintiff states that he did not have the documents in his possession. The Defendant argues that the Plaintiff must also provide production of documents that he also has control over and has the right and authority to obtain. While the Defendant's position may be well taken, the Plaintiff's responses appear to merely state that he does not have possession of the documents with the exception of request for production numbers 20 and 22.

Request number 20 asks for all "federal, state, and local tax returns, receipts, check stubs, W-2 forms, and 1099 forms that indicate the transfer of funds to you, whether private or governmental transfer payments, including wages, passively-earned income, and benefits of any kind, from January 1, 2005[,] to the present." The Plaintiff objects to the request arguing among other things that his tax returns are private and the time frame is beyond the relevant scope of the issues in this case.

The Plaintiff's objections regarding the production of his income tax returns prior to 2007 is well taken. In order for discovery to be produced it must be relevant. Fed. R. Civ. 26 states in pertinent part:

> [u]nless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows: (1) In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The Defendant has failed to establish how the Plaintiff's tax returns prior to the alleged discrimination incident are relevant to issues in this case. Even from the point of view of calculating damages, the Defendant is in possession of the Plaintiff's payroll records from the time he was employed as a truck driver with the Defendant. Thus, tax returns that predate 2007 are not relevant, since there could be no damages prior to that time.

However, the Plaintiff's tax returns for 2007, 2008, and 2009, are relevant to his damages claim. Although, the Plaintiff objects to the production of the tax returns based upon privilege and privacy rights, the Courts in this district have held that tax returns are discoverable when relevant. Sherson Lehman Hutton v. Lambros, 135 F.R.D. 195, 198 (M.D. Fla. 1990)(ordering disclosure of tax returns because such information was relevant to the Parties claims and defenses, reasoning that the quasi-privilege for tax returns had not been expressly recognized within the Eleventh Circuit). The Plaintiff has control over his past tax returns even if he does not have actual possession of the returns. The Plaintiff can obtain his past returns from the IRS, however, the Defendant doe not have the authority to request those returns. Thus, request for production number 20 is due to be granted but limited to the years 2007, 2008, and 2009.

Request for production number 22, asks for "all documents reflecting, concerning or evidencing your income, salary, pay, or any remuneration from any source, from January 1, 2005, to the present." The Plaintiff objects arguing the request was vague and overbroad and irrelevant to the claims in this case. Nevertheless, the Plaintiff agreed to produce the W-2 Forms, 1099 Forms, and check stubs showing the Plaintiff's income that are in his possession. Thus, the Motion to Compel number 22 is due to be denied.

The remaining requests for production numbers 10, 12, 13, 23, 24, 25, 34, 35, 36, 37, and 38, are due to be denied.

*Request for Production Number 1*

Request for production number 1 asks for "[a]ll documents reviewed, referred to, or relied upon in connection with the preparation of your answers to Defendant's First Set of Interrogatories." The Plaintiff responds that any documents he may have reviewed in preparation for answering the interrogatories are protected by the attorney work product. Like the attorney-client privilege, the party asserting the work-product privilege has the burden to prove that the documents sought are protected work product. Palmer v Westfield Insurance Company, 2006 WL 2612168 (M.D. Fla. June 30, 2006). The work product privilege "typically applies only to documents prepared principally or exclusively to assist in anticipation or ongoing litigation." Id. at * 3. Unlike the attorney-client privilege, which is controlled by state law in diversity cases, the work product privilege is controlled by Rule 26 of the Federal Rules of Civil Procedure. Id. at * 2. The Rule states in pertinent part:

> a party may obtain discovery of documents . . . otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative . . . only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the material by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Fed R .Civ. P. 26(b)(3). To claim the work product privilege the "party must anticipate litigation *at the time* the documents were drafted for these protections to apply. Kallas v. Carnival Corp., 2008 WL 2222152 *3 (S.D. Fla. May 27, 2008) (citing CSK Transportation, Inc., v. Admiral Insurance

Co., 1995 WL 855421, at *2 (M.D. Fla. July 20, 1995))(emphasis in original). Materials or documents drafted in the ordinary course of business are not protected. Kallas, 2008 WL 2222152 at *3. Ordinarily, therefore, one must focus on *when* the document was created, and *why* it was created. Id.(citing In re Sealed Case, 146 F.3d 881, 884 (D.C.Cir.1998) ("The 'testing question' for the work-product privilege ... is 'whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.' ")(emphasis in original); Moye, O'Brien, O'Rourke, Hogan & Pickert v. National R.R. Passenger Corp., 2003 WL 21146674 *14 (M.D.Fla. May 13, 2003) ("The testing question for the work product privilege, ... is whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.") (internal quotations omitted).

  The Plaintiff's objection lacks merit to the extent that not all of the documents reviewed covering his employment could have been produced in anticipation of litigation. He would have had to rely on documents created prior to the lawsuit being filed to answer the interrogatories. The Plaintiff must file a privilege log for any specific documents he may have reviewed if they were prepared in anticipation of this litigation. The Plaintiff is reminded that the party invoking the privilege bears the burden of proof. Tyne v. Time Warner Entertainment Co., L.P., 212 F.R.D. 596, 599 (M.D. Fla 2002). "This burden can be met only by an evidentiary showing based on competent evidence, and cannot be discharged by mere conclusory or *ipse dixit* assertions." CSX Transportation, Inc., v. Admiral Insurance Co., 1995 WL 855421 *1 (M.D. Fla. July 20, 1995) (internal quotes omitted). Pursuant to Fed. R. Civ. P. 26(b)(3) & (5) this evidence is generally provided through the use of a privilege log. Typically, the privilege log will identify each document and the individuals

who were parties to the communications with sufficient detail to permit the compelling party or court to determine if the privilege is properly claimed. Id. at *3. More specifically, a proper privilege log should contain the following information:

> (1) the name and job title or capacity of the author of the document;
> (2) the name and job title or capacity of each recipient of the document;
> (3) the date the document was prepared and if different, the date(s) on which it was sent to or shared with persons other than the author(s);
> (4) the title and description of the document;
> (5) the subject matter addressed in the document;
> (6) the purpose(s) for which it was prepared or communicated; and
> (7) the specific basis for the claim that it is privileged.

*See* Roger Kennedy Construction, Inc. v. Amerisure Insurance Co., 2007 WL 1362746 * 1 (M.D. Fla. May 7, 2007) (detailing the information needed in a proper privilege log).

### *Request for Production Number 6*

Request number 6 asks for "[a]ll documents, correspondence, and communications between you and any current or former director, officer, agent, or employee of Defendant." The Plaintiff objected to the request as overbroad and irrelevant but agreed to produce all documents related to the alleged incident at issue in this case. The Plaintiff's objection is overruled. Other documents including correspondence between the Plaintiff and his employers and/or agents may be relevant to the Defendant's affirmative defenses. As such, the Motion to Compel request for production number 6 is due to be granted.

### *Request for Production Number 7*

Request number 7, asks for "[a]ll documents copied and/or removed by you from Defendant's premises regardless of the date of such copying and/or removal." The Plaintiff objected to the request as overbroad and irrelevant but agreed to produce any documents that related to this action, however he stated none existed. The Plaintiff's objection is not well taken. All documents taken by the

Plaintiff may not relate to his claim but could be relevant to the Defendant's defense. Thus, the Motion is due to be granted as to request to produce number 7.

*Request to Produce Number 9*

Request number 9, asks for "[a]ll diaries, calendars, journals, daily, weekly, or monthly planners, appointment books, notes or notebooks, or similar documents maintained by you from January 1, 2005 to the present. The Plaintiff objected to the request as overbroad and irrelevant but agreed to produce all such documents as they relate to his claim. The Plaintiff's objection is not well taken. Again the documents requested by the Defendant may not relate to the Plaintiff's claim from his point of view, but could be relevant to the Defendant's defense. Thus, the Motion is due to be granted as to request to produce number 9.

*Request for Production Number 11*

Request for production number 11 asks for:

> [a]ll documents, correspondence and communications that you provided to or received from any governmental or administrative agency, including, but not limited to, the Equal Employment Opportunity Commission, the Florida Human Rights Commission, and/or any municipal, county or other local agency, relating to Defendant, your application for employment with Defendant, and/or the subject matter of this action.

The Plaintiff objects arguing the request is overbroad but that he would produce the materials that related to his claim. Again, the Plaintiff's objection is not well taken. The documents requested by the Defendant may not relate to the Plaintiff's claim from his point of view, but could be relevant to the Defendant's defense. Thus, the Motion is due to be granted as to request to produce number.

### *Request for Production Number 18*

Request number 18 asks for:

> All documents that relate or refer to the elements, determination and computation of any alleged damages claimed by you in this action, including, but not limited to, all raw data and computation sheets upon which the amount of each claim for damages is based, and medical bills, balance sheets, financial statements, pay stubs, and federal, state, and local tax returns.

The Plaintiff objects arguing that the notes requested by the Defendant were made by Counsel in preparation for this case. The Plaintiff also objects to the request as it relates to any tax returns. The Court has already ruled that tax returns dated from 2007, 2008, and 2009 are discoverable in this case. Furthermore, any documents in the Plaintiff's possession or control that may be used to calculate damages are relevant to the defense of the action and need to be produced. If the Plaintiff claims the work product privilege for any documents, then the Plaintiff may submit a privilege log.

Interrogatory Number 2 asks the Plaintiff to:

> please provide a detailed computation of each item of damage that you seek to recover from Defendant in this case. Include in your answer: (1) the nature of each item of damage; (2) the date, time, and place that such damages were incurred; (3) the category into which each item of damages falls (*i.e.*, economic injury, compensatory damages, punitive damages, or any other relevant category); (4) the factual basis for each item of damages; (5) an explanation of how you computed each item of damages, including any mathematical formula used; (6) identify any documents in support of your damage claims; and (7) identify each person who witnessed or has knowledge of such damage.

The Plaintiff objected stating that he cannot calculate his damages at this point in the litigation because his damages change daily since he does not have a job. The Plaintiff's objection is overruled. The Plaintiff must answer the interrogatory with the best information that he has at the

present time. The record may be supplemented at a later in accord with the Federal Rules should new information be discovered.

Accordingly, it is now

**ORDERED:**

The Defendant, Wilsonart International, Inc.'s Motion to Compel Responses to the Defendant's First Request for Production and Answers to Interrogatories (Doc. #23) is **GRANTED in part and DENIED in part**.

(1) The Defendant, Wilsonart International, Inc.'s Motion to Compel Responses to the Defendant's First Request for Production 10, 12, 13, 22, 23, 24, 25, 34, 35, 36, 37, and 38 is **DENIED**.

(2) The Defendant, Wilsonart International, Inc.'s Motion to Compel Responses to the Defendant's First Request for Production Numbers 1, 6, 7, 9, 11, 18, 20 is **GRANTED**, but limited in time to the years 2007, 2008, 2009, up to the present in 2010.

(3) The Defendant, Wilsonart International, Inc.'s Motion to Compel Responses to the Defendant's Interrogatory Number 2 is **GRANTED**.

(4) The Plaintiff has up to and including **July 23, 2010**, to provide complete production of the requested discovery as delineated in this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___2nd___ day of July, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record